## [152] DEN, ON THE DEMISE OF BROWN AND WIFE, v. LITTLE.

A devise, to disinherit the heir, must appear to be a good devise, and the heir is entitled to hold the lands until claimed by a person to whom they were legally devised.

Den, ex dem. Brown and wife, v. Little.

This was a special case on an ejectment.

The testator had devised the premises to one " John Martin, when he returns," &c.

The wife of Brown was the heir-at-law of the devisor, and brought this ejectment against Little, who was in possession. Little did not allege any title in himself, but defended under this devise to John Martin, in whom he contended the title rested.

For the plaintiff it was contended—

1st. That in fact there was no such person as Martin in existence, and, therefore, the devise was void.   *Viner's Abr.* 49 ; *Scattergood* v. *Edge*, 1 *Salk.* 229.

2d. If such a person entitled to claim under the will really existed, his rights do not commence until he returns and proves himself to be the devisee.   *Gilbert on Dev.* 62 ; *Taylor* v. *Biddall*, 2 *Mod.* 289 ; *Hopkins* v. *Hopkins, Ca. Temp. Talb.* 44, 52 ; *Carrick* v. *Errington*, 2 *P. Wms.* 361–4 ; *Pay's Case, Cro. El.* 878 ; 1 *Lutw.* 798.

PER CURIAM.   A devise, to disinherit the heir, must appear to be a good devise, for, as the law casts the inheritance upon him, it will not allow him to be dispossessed, except by one who can prove himself the object of the devise, and that there was a legal disposition of the estate.   It is admitted that Mary Martin, the wife of Brown, was the heir-at-law of the devisor.   Until, therefore, it appears there is such a person as John Martin, to whom it was intended the lands should go, she is entitled to them.

Judgment for plaintiff.